UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHASHA DU,

Plaintiff,

v.

MARKWAYNE MULLIN, et al.,

Defendants.

Case No. 26-cv-09233-ASK

**ORDER RE: MOTION FOR TEMPORARY RESTRAINING ORDER**

Re: Dkt. No. 5

Plaintiff Shasha Du petitions for a temporary restraining order barring Defendants—which include U.S. Citizenship and Immigration Services ("USCIS") and U.S. Immigration and Customs Enforcement ("ICE")—from detaining her at a mandatory biometrics appointment that USCIS directed her to attend at 8:00 a.m. on Wednesday, September 2, 2026. Dkt. 5. Having carefully reviewed the briefing, the Court **GRANTS** Ms. Du's application for a temporary restraining order as specified below.[1]

## I. BACKGROUND

According to the record before the Court, Ms. Du is a twenty-seven-year-old native and citizen of the People's Republic of China who was persecuted by Chinese police for practicing Christianity in an unregistered "house church." Dkt. 1-2 ¶¶ 2-5. On January 28, 2026, she arrived at the Los Angeles International Airport with a B-2 nonimmigrant visa and was admitted to the United States in B-2 status with authorization to remain until July 27, 2026. *Id.* ¶¶ 6-7. However, Ms. Du has overstayed her visa by remaining in the United States beyond July 27, 2026. *Id.* ¶ 8.

[1] Though Ms. Du's motion requested a "number of ancillary terms designed to preserve the Court's ability to grant effective relief should [Ms. Du] nonetheless be taken into custody[,]" Dkt. 5 at 15, Ms. Du withdrew those requests on reply and "ask[ed] that the core prohibition issue alone." Dkt. 11 at 4. Accordingly, this Order addresses only the core prohibition issue.

United States District Court
Northern District of California

She has lived in San Francisco since February 2026. *Id.* ¶ 9.

On July 28, 2026, Ms. Du filed Form I-589 with USCIS seeking asylum, withholding or removal, and protection under the Convention Against Torture. *Id.* ¶ 10. That application remains pending. *Id.*

On August 28, 2026, USCIS directed Ms. Du to appear for a fingerprinting appointment at the USCIS San Francisco Application Support Center, 250 Broadway, San Francisco, California 941111, at 8:00 a.m. on September 2, 2026. *Id.* ¶ 12. USCIS warned Ms. Du that failure to appear for her appointment "may dismiss [her] asylum application, if [she] maintain[s] a lawful basis to remain in the United States" or "may refer [her] application to an immigration judge, if [she] do[es] not maintain a lawful basis to remain in the United States." *Id.* ¶ 13; *id.* at 26-29.

On August 31, 2026, Ms. Du filed this case and moved for a temporary restraining order prohibiting Defendants from arresting or detaining her at, or in connection with, her imminent biometrics appointment. On the same day, Defendants filed an opposition and Ms. Du filed a reply. Dkts. 9, 11.

## II. LEGAL STANDARD

The standard for issuing a temporary restraining order is substantially identical to the standard for issuing a preliminary injunction. *Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017). Thus, a party seeking a temporary restraining order must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). "[I]f a plaintiff can only show that there are serious questions going to the merits – a lesser showing than likelihood of success on the merits – then a preliminary injunction may still issue if the balance of hardships tips *sharply* in the plaintiff's favor, and the other two *Winter* factors are satisfied." *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (cleaned up) (emphasis in original). "[W]hen the Government is the opposing party," the final two factors "merge." *Nken v. Holder*, 556 U.S. 418, 435 (2009).

An injunction is a matter of equitable discretion and is "an extraordinary remedy that may

United States District Court
Northern District of California

only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. A "TRO 'should be restricted to . . . preserving the status quo and preventing irreparable harm just so long as is necessary to hold a [preliminary injunction] hearing, and no longer.'" *E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 779 (9th Cir. 2018) (quoting *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974)).

## III. DISCUSSION

Notably, the Government allocates precious little real estate in its opposition brief to the merits of the TRO request. Instead, the Government focuses on challenging Article III standing and ripeness on the grounds that Ms. Du has not yet been detained and that her concern about detention is hypothetical and abstract. The Court disagrees with these arguments. Ms. Du has standing and this dispute is ripe.

On the merits, Ms. Du has demonstrated that her claim will likely succeed, that she will likely suffer irreparable harm in the absence of preliminary relief, and that the balance of equities and the public's interest weigh in favor of granting relief. Tellingly, the Government's opposition failed to address—and thus waived—many of Ms. Du's arguments.

### A. Standing & Ripeness

The Government argues that Ms. Du "lacks standing because she has suffered no injury in fact but instead seeks relief for conjectural or hypothetical injuries that she believes may occur at some point in the future." Dkt. 9 at 4. Likewise, the Government challenges ripeness on the grounds that "the circumstances of any hypothetical future detention are presently unknown and unknowable." Dkt. 9 at 5. The Government's arguments fail for the same reasons. *See, e.g.*, *Thomas v. Anchorage Equal Rts. Comm'n*, 220 F.3d 1134, 1138-39 (9th Cir. 2000) (explaining that when measuring whether the litigant has asserted an injury that is real and concrete rather than speculative and hypothetical, the ripeness inquiry merges almost completely with standing").

To seek prospective relief, "a plaintiff must show that [s]he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." *Summers*

*v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). Plaintiffs do not lack standing where an agency "ha[s] likely adopted a policy and practice" that it continues to enforce, where "plaintiffs are likely among those targeted," and where plaintiffs "likely cannot avoid" the conduct that will lead to injury. *Escobar Molina v. U.S. Dep't of Homeland Sec.*, No. 25-cv-3417, 2025 WL 3465518, at *16 (D.D.C. Dec. 2, 2025). "All these considerations crystallize the 'reality of the threat of repeated injury.'" *Id.* (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 107 n.8 (1993)); *see also Ortega-Melendres v. Arpaio*, 836 F. Supp. 2d 959, 979 (D. Ariz. 2011), *aff'd sub nom. Melendres v. Arpaio*, 695 F.3d 990 (9th Cir. 2012) ("[E]xposure to [the challenged] policy is both itself an ongoing harm and evidence that there is 'sufficient likelihood' that Plaintiffs' rights will be violated again.").

Courts in this District and in this Circuit have enjoined the Government from re-detaining a petitioner prior to an actual detention where the petitioner presents sufficient facts to show that the threat of re-detention is more than hypothetical. *Cortez Morales v. Albarran et al*, No. 4:25-cv-09241, 2025 WL 3013787 (N.D. Cal. Oct. 28, 2025); *See Diaz v. Kaiser*, Dkt. No. 35, No. 25-cv-05071 (N.D. Cal. Sep. 16, 2025); *HIREN JAGDISH PATEL, Plaintiff, v. POLLY KAISER, et al., Defendants. Additional Party Names: Immigr. & Customs Enf't, U.S. Dep't of Homeland Sec.*, No. 25-cv-07667, 2025 WL 4110423, (N.D. Cal. Oct. 9, 2025); *Carballo v. Semaia*, No. 5:25-CV-03176-SPG-AJR, 2026 WL 381608, at *5 (C.D. Cal. Feb. 10, 2026) (finding preliminary injunctive relief to "to prospectively enjoin [the plaintiff's] re-detention . . . presents a live controversy" where the plaintiff presented "sufficient facts to show the immediate threat of re-detention.").

Ms. Du has sufficiently shown that the threat of Defendants detaining her at her upcoming biometrics appointment is more than hypothetical. She cites ICE's own records reflecting that, for the approximately nine months between January 20, 2025, and October 15, 2025, over 61% of ICE arrests in the San Francisco Area of Responsibility occurred at immigration appointments and check-ins, and that approximately 69% of those arrested at such appointments had no criminal record. Dkt. 5 at 8. She also identifies a case similar to hers of a Chinese national with no criminal record being detained at a USCIS-mandated biometrics appointment. Dkt. 11 at 7-8; *see also Diaz*

United States District Court
Northern District of California

*v. Kaiser*, Dkt. No. 4, No. 25-cv-05071 (N.D. Cal. Sep. 16, 2025) (granting a motion for a temporary restraining order where the plaintiff was aware that other similarly situated noncitizens had been summarily incarcerated). The Government failed to address Ms. Du's factual showing.[2] Even more tellingly, the Government has not disclaimed an intention to detain Ms. Du at her appointment.

The Government's arguments against standing fail. The Government cites *Thai v. Lyons*, No. 25-cv-6293, 2026 WL 1303056, at *3 (N.D. Cal. May 12, 2026), for the proposition that injunctive review is not ripe when a plaintiff seeks protection against a future detention. But in *Thai*, the government ***agreed*** not to detain the petitioner before his ICE appointment. Thereafter, the ICE appointment came and went without a detention; and the petitioner then "failed to articulate the likelihood of an imminent threat after the appointment." That is ***not*** the posture that Ms. Du finds herself in. If the Government wishes to follow the precedent of *Thai*, then it should agree in advance not to detain Ms. Du at her fingerprinting appointment.

Likewise, the Government cites *J.P. v. Santacruz*, No. 8:25-CV-01640, 2025 WL 2998305, at *2 (C.D. Cal. Oct. 24, 2025), which *Thai* cites. It leads to the same conclusion. In *J.P.*, the court in fact issued a TRO ***before*** a check-in that would occur on a date certain. *Id.* ("The court issued a TRO to preserve the status quo pending further briefing and a hearing on this matter. . . . The court ordered that 'Respondents are ENJOINED AND RESTRAINED from re-detaining or re-arresting Petitioner without notice and without a hearing until August 14, 2025, at 5:00 p.m.'" (internal citation omitted)). *J.P.* only found a lack of subject matter jurisdiction ***after*** the scheduled ICE check-in had occurred and the Petitioner persisted in seeking an injunction against detention at any future, yet-to-be-scheduled check-in.

As the Government acknowledges, *Tito v. Mullin*, No. 26-CV-02178, 2026 WL 1235236, at *2 (N.D. Cal. Apr. 3, 2026)—which supports Petitioner's position—distinguishes the other two cases that the Government cites approvingly: *Zarate Mendes*, 26-cv-01034 (N.D. Cal. Filed Feb.

[2] The Court recognizes that Ms. Du's evidence regarding the similarly situated individual was submitted on reply such that the Government did not have an opportunity to respond to it. The Court therefore accords that evidence relatively little weight.

2, 2026) and *Jorge Manuel Aguirre Sepulveda, et al., v. Bondi*, No. 26-cv-573, 2026 WL 353356, at *1 (S.D. Cal. Feb. 9, 2026). And *Tito*'s distinction is meaningful. As *Tito* explains, both *Zarate Mendes* and *Sepulveda* involved TRO applications based on a very limited factual showing that the relevant ICE office was likely to detain the petitioner at the upcoming ICE appointment. The factual showing here more closely resembles *Tito*.

Given that Ms. Du has advanced meaningful evidence that substantiates her concern of detention at her upcoming appointment, including an ICE practice within the San Francisco Area of Responsibility of arresting immigrants like her without criminal backgrounds at USCIS check-ins, the Court finds that Ms. Du's concerns are sufficiently concrete to constitute an injury in fact under Article III and that her claim is justiciable.

**B. Likelihood of Success on the Merits**

Ms. Du has demonstrated a likelihood of success on the merits at least with respect to certain of her legal claims that detaining her at the immigration check-in would violate her rights.

For instance, Ms. Du argues that detaining her at a mandatory USCIS appointment, such as fingerprinting, is a change in policy for ICE; and that changing its policy without reasoned decision-making would be arbitrary and capricious, in violation of the Administrative Procedure Act, specifically 5 U.S.C. § 706(2)(A). The Government, for its part, simply did not respond. It did not contest Ms. Du's assertion that it adopted a new policy or assert that it engaged in reasoned decision-making in support of any such change, and it did not offer any justification for any such changed policy. Without any showing or defense from the Government, Ms. Du has at least raised a substantial question as to the lawfulness of her potential detention, and perhaps has even demonstrated a likelihood of success on the merits.

The Government likewise failed to respond in any meaningful way to Ms. Du's claim that luring her into attending a fingerprinting session in order to detain her would violate her Fifth Amendment right to Due Process.

Accordingly, on this limited TRO record—where the Government has failed to defend the lawfulness of its alleged policy—Ms. Du has established at least serious questions going to the merits of her claims; but she has arguably gone further and established a likelihood of success on

the merits.

### C. Likelihood of Suffering Irreparable Harm

Ms. Du has also demonstrated a likelihood of irreparable injury in the absence of temporary relief. The likely unconstitutional deprivation of liberty that Ms. Du faces is an immediate and irreparable harm. It is also an irreparable injury for Ms. Du to be subjected to unlawful detention. Given Ms. Du's evidentiary showing that the majority of ICE arrests in the San Francisco Area of Responsibility occurred at immigration appointments and that the vast majority of those arrests are of immigrants, like her, without a criminal history, she has demonstrated a likelihood that the irreparable injury of detention will come to pass.

### D. Balance of Equities and Public Interest

The final two *Winter* factors, the balance of the equities and public interest, also weigh heavily in favor of granting temporary relief. "[T]he public has a strong interest in upholding procedural protections against unlawful detention, and the Ninth Circuit has recognized that the costs to the public of immigration detention are staggering." *Jorge M. F. v. Wilkinson*, No. 21-cv-01434, 2021 WL 783561, at *3 (N.D. Cal. Mar. 1, 2021) (cleaned up). And while the Government certainly has an interest in enforcement of the immigration laws, the only specific interest it has articulated here relates to 8 U.S.C. § 1226(a), which permits detention pursuant to a warrant. To the extent the Government wishes to detain Ms. Du, it is free to do so with minimal burden, as it is undisputed that Ms. Du is openly living at an address that is known to the Government. *See Jorge M. F.*, 2021 WL 783561, at *3; *Diaz v. Kaiser*, No. 25-cv-05071, 2025 WL 1676854, at *3 (N.D. Cal. June 14, 2025). Accordingly, the balance of hardships tips decidedly in Ms. Du's favor.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Ms. Du's motion for a temporary restraining order. Defendants, their officers, agents, employees, attorneys, and all persons acting in concert or participation with them, are hereby **ENJOINED** and **RESTRAINED** from arresting, detaining, or otherwise taking Ms. Du into custody at, in, or in the immediate vicinity of the U.S. Citizenship and Immigration Services San Francisco Application Support Center, 250 Broadway, San Francisco, California, or otherwise in connection with the biometrics appointment that USCIS

scheduled for 8:00 a.m. on September 2, 2026.

**IT IS SO ORDERED.**

Dated: September 1, 2026

AJAY KRISHNAN
United States Magistrate Judge

United States District Court
Northern District of California